◦JOHN WILLIAMS *vs.* JOHN COLE, *and the* BANGOR IN-
SURANCE COMPANY *as Trustees.*

Where a quantity of potatoes were insured against the perils of the sea, " and
against all other losses and misfortunes which shall come to the damage of
the said potatoes to which assurers are by the rules and customs of assur-
ances in B, provided, that the said assurers shall not be liable for any partial
loss on sugar, flax-seed, bread, tobacco and rice, unless the loss amount to
seven per cent. on the whole aggregate value of such articles ; nor for any
partial loss on salt, grain, flax, fish, fruit, hides, skins, or other goods that
are esteemed perishable in their own nature, unless it amount to seven per
cent. on the whole aggregate value of such articles, and happen by strand-
ing ;" and where the potatoes were lost by perils of the sea, but not by
stranding ; *it was held*, that the assurers were liable.

Potatoes come within the class of articles denominated *perishable in their na-
ture.*

THE only question was, whether the company should be charged
on their answers, from which it appeared, that the defendant had
insured at the office of the defendants, a quantity of potatoes
against the perils of the sea, " and all other losses and misfortunes
which have or shall come to the damage of the said potatoes or
any part thereof to which assurers are liable by the rules and cus-
toms of assurances in *Bangor*, provided, that the said assurers shall
not be liable for any partial loss on sugar, flax-seed, bread, tobacco,
and rice, unless the loss amount to seven per cent. on the whole
aggregate value of such articles; nor for any partial loss on salt,
grain, flax, fish, fruit, hides, skins, or other goods that are esteemed
perishable in their own nature, unless it amount to seven per cent.
on the whole aggregate value of such articles, and happen by
stranding." The vessel in which the potatoes were shipped sailed
from *Frankfort* for *Baltimore*, her port of destination, and arrived
there ; and when the hatches were opened, it was discovered, that
the potatoes were entirely rotten, and the Mayor of the City order-
ed the cargo to be carried below the fort, and the cargo thrown
overboard. The company in the disclosure say, they do not admit
the loss happened by the perils of the sea insured against in the
policy, but annex an affidavit of the master of the vessel as part
of their answer. The master therein states, " that he sailed from
*Frankfort* in the State of *Maine*, on the third day of *November*,

in the present year, laden with potatoes and spars in the schooner *Tamerlane ;* that in consequence of heavy winds, he was carried into the gulph stream ; that the wind and weather continuing very boisterous, the schooner sprang a leak, which damaged the cargo ; said schooner was bound to *Baltimore,* but in consequence of stress of weather, was compelled to put into *Hampton Roads.*"

The case was argued in writing.

*Abbott,* for the plaintiff, argued :—

1. The articles insured are not among the excepted or memorandum articles, and therefore the assured are entitled to recover. The words " other articles perishable in their own nature," are to be applied to articles of the *same genus,* as those mentioned as perishable in their own nature. 3 *Caines,* 110, *in note ; Ellery* v. *New Eng. Ins. Co.* 8 *Pick.* 21 ; 1 *Phillips on Ins.* 492 ; *Tucker* v. *Clisby,* 12 *Pick.* 26.

2. The loss was total. 3 *B. & Pul.* 474 ; 5 *M. & Selw.* 447 ; 6 *Cowen,* 270 ; 9 *B. & Cr.* 411 ; 7 *T. R.* 222 ; 1 *Wheat.* 219 ; 2 *Phillips on Ins.* 338.

*A. Gilman,* for the trustees, contended, that goods perishable in their nature, of which character are potatoes, are not protected by this policy, " unless the loss amount to seven per cent. on the whole aggregate value of such articles, and happen by stranding. The loss then must happen *by stranding,* or the company are not liable. The answer does not show, that it so happened. The affidavit of the master, though made a part of the disclosure is not evidence of the facts. It is to have no more weight, than if offered on the trial of an action brought by *Cole* against the company. *Marshall on Ins.* 616 ; 7 *T. R.* 158.

The opinion of the Court was drawn up by

EMERY J.— Upon this disclosure, we think the defendants, sued in that character, must be adjudged trustees. We do not think it necessary that the loss should occur by stranding. Although potatoes like other vegetables are in their nature perishable, yet a loss by the perils of the sea, independently of stranding may well arise. If such losses were not within such policies, the indemnity against such risks would be practically of little importance.

In the memorandum clause, where the exception is broad enough to include other losses, besides those arising from the inherent decay of the articles specified, the insurer is entitled to exemption from every risk plainly and explicitly included within the terms of the exemption. In this policy potatoes were not, by name, included in that exemption.

The underwriter is not answerable for any partial loss on memorandum articles, except for general average, unless there is a total loss of the whole of a particular species, whether the particular article is shipped in bulk or in separate boxes or packages. 4 *Wend.* 33. *Here* the cargo was so damaged by the perils of the sea, as to exist only *in the shape of a nuisance.* In such a case, the loss is total, without abandonment. 3 *B. & P.* 474; 5 *M. & S.* 447; 3 *Bingham N. C.* 266, or 32 *Eng. Com. Law Rep.* 110, *Roux* v. *Salvader.*