(27 Misc. Rep. 212.)

### BRAND v. WEIR.

(Supreme Court, Appellate Term. April 21, 1899.)

1. CARRIERS—DAMAGES TO GOODS—ACCEPTANCE BY CONSIGNEE.

Where goods shipped are injured through the fault of the carrier so as to entirely destroy their value, the consignee may refuse to accept them, and hold the carrier for their value.

2. SAME.

Where a box containing dress skirts, which had been returned by a customer, was broken when tendered to the consignee by an express company, and the skirts, covered with mud, hung from its sides, so as to suggest such unsalability as to amount to total loss, the consignee was justified in demanding a full inspection before acceptance.

3. TENDER.

A tender made after suit brought is available only in mitigation of damages.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Matilda Brand against Levi C. Weir, as president of the Adams Express Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Richard Reid Rogers, for appellant.

Louis J. Voorhaus, for respondent.

LEVENTRITT, J. The plaintiff forwarded three dress skirts to a customer in Evansville, Ind. The latter, rejecting them, returned the skirts by the Adams Express Company, of which the defendant is the president. Upon their arrival, on September 27, 1898, they were sent to the plaintiff's place of business. She observed that the box containing the skirts was broken, and that the skirts, covered with mud, hung over its sides. Consequently she refused to accept the goods unless first accorded a full inspection. The defendant admits that the box was broken and ripped at the ends; that the skirts were exposed and dusty; and that the plaintiff demanded an inspection, which was denied. The skirts remained in the possession of the express company. About three months later, and after the commencement of this action, the skirts, placed in a new box, were again offered to the plaintiff, and the statement made that they had been repaired. This time the plaintiff rejected them on the ground that, the season

being over and the styles changed, no use could be made of them, and that they were therefore worthless. No inspection was granted to her on the second occasion.

It will be seen that the facts were substantially conceded. The question is one of law. Was the plaintiff, under the circumstances disclosed, obliged to accept the goods without a preliminary inspection? It was apparent, from the most casual outside examination, that the goods were damaged. She therefore had the right to ascertain whether the damage was merely partial, or amounted to a total destruction. In the event of a partial damage, the better rule seems to be that, where the goods were injured through a cause for which the carrier is responsible, the consignee is not justified in refusing to receive them, but should accept them, and hold the carrier responsible for the injury; it being the policy of the law to impose on the consignee the obligation to mitigate, as far as possible, the loss for which the carrier must respond. Hutch. Carr. § 770d. In those cases where the partial damage consists in depreciation in the value of the goods arising from mere delay in delivery, the rule in this state is settled that the consignee must, in all but extreme cases, accept the goods, and recover his loss in an action at law. Scovill v. Griffith, 12 N. Y. 509. Where, however, the partial damage is the result of injury to the goods themselves in the course of transit, the expressions of the courts are not uniform. It has been said that the consignee had an election to reject the property, and hold the carrier liable for its value, or that he might accept the property and dispose of it to the best advantage, and hold the carrier liable for the difference between the sum realized from the sale of the property and what it would have been worth had it been delivered in good order. Monell v. Railway Co., 16 Hun, 585. On the other hand, in a case in an inferior jurisdiction, it was held that where goods were, through the carrier's negligence, injured in transit, the consignee could not refuse acceptance, and claim their value at the port of delivery. Mills v. Steamship Co. (City Ct. N. Y.) 5 N. Y. Supp. 258.

So much for partial damage. Where the injury, however, destroys the entire value of the goods, and is equivalent to a total loss, we think the consignee may refuse to receive the goods, and hold the carrier for their value (5 Am. & Eng. Enc. Law, 221; Thomas, B. & W. Mfg. Co. v. Wabash, St. L. & P. Ry. Co., 62 Wis. 642, 22 N. W. 827); for in that event nothing that the consignee might do could lessen the loss, and so diminish the carrier's liability.

But, whether the loss was total or partial, 'the consignee could not, under the particular circumstances of this case, be denied the opportunity to inspect. If her right of rejection is made dependent on the extent of the injury, she must obviously have the right to examine the goods to ascertain that extent. The authority of the text writers is unqualifiedly in support of the right of inspection. Hutch. Carr. §§ 423, 393; Browne, Carr. § 233; Lawson, Bailm. § 205. And in this state it has been held that the consignee is entitled to inspect goods sent C. O. D. Herrick v. Gallagher, 60 Barb. 566. While we recognize that certain practical difficulties would attend a general right of inspection, it is clear that, where the outward indicia warrant an in-

ference of total destruction, the right of inspection exists. In the case at bar the admitted dilapidated appearance of the box, and the bedraggled condition of the skirts so far as they were exposed, strongly suggested such unsalability of the goods as would amount to a total loss, and hence justified the demand for an inspection. This right having been denied her, we must hold that there was no good delivery. The second alleged tender having been made after suit brought, it could, under the most favorable construction, avail the defendant only in mitigation of damages, and as the justice found, on sufficient evidence, that the skirts at that time were worthless, he correctly awarded judgment for their value. The judgment should be affirmed.

Judgment affirmed, with costs to the respondent. All concur.