## FREEMAN v. WEIR.

(Supreme Court, Appellate Term.　June 26, 1905.)

CARRIERS—EXPRESS COMPANIES—C. O. D. PACKAGES—RETURN.

　　A C. O. D. express bill of lading providing that if the C. O. D. is not paid within 30 days the express company may return the property, and the shipper will pay the charges of transportation both ways, contemplates a return of the package in good order, and hence a shipper may refuse to receive a returned package in damaged condition in performance of the express company's obligation.

　　Scott, P. J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by William Freeman against Levi C. Weir, as president of the Adams Express Company, etc.　From a Municipal Court judgment in favor of plaintiff, defendant appeals.　Affirmed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Guthrie, Cravath & Henderson (Edward E. Stowell, of counsel), for appellant.

Jacob Chebulsky, for respondent.

MacLEAN, J.　December 22, 1904, the plaintiff delivered to the Adams Express Company, of which the defendant is president, a package to be sent C. O. D. to a person in Philadelphia.　Receiving no return, as he testifies, he inquired of the agent and clerks at the local office a couple of times, and then was referred to "the claim man" at the main office.　There he went with his lawyer, and was told that it had been delivered, otherwise he would have been notified within three or four days.　It is claimed that a postal card was sent him from Philadelphia December 23d, with word that the parcel was refused because of the express charges, and each of two persons deposes separately on a commission that he sent the card.　If this be prima facie evidence of notice, it is contradicted by circumstances and by the testimony of the plaintiff, who says he opens all his mail, and never received the postal card.

The defendant's chief reliance, however, is on his plea of the "special contract" in the bill of lading, to wit:　"If any 'C. O. D.' is not paid within thirty days the shipper agrees that the express company may return the property and that he will pay the charges of transportation both ways."　That agreement contemplated that the package be returned in good order.　A little before the expira-

tion of the 30 days the package was offered to the shipper who refused to receive it, because, as he says, it was brought back in very damaged condition, respecting which he is corroborated positively by two of his employés. Two employés of the company testify positively it was in good condition. Evidence sufficient, if credited, to sustain the judgment was adduced, and so the judgment may stand.

Judgment affirmed, with costs.

DUGRO, J., concurs.

SCOTT, P. J. (dissenting). It seems to me to be quite unimportant whether or not defendant notified plaintiff of the nonacceptance of the goods by the consignee. The crucial fact in the case is that within 30 days of the shipment the defendant tendered back the goods to the plaintiff, and he absolutely refused to receive them. There was some evidence that the package or wrapping paper containing the goods was torn and damaged, but this was no evidence of a total loss. On the contrary, the plaintiff's evidence showed very clearly that the loss was but partial. Under these circumstances the plaintiff was not justified in refusing absolutely to accept the goods, but should have received them, and sued for the loss, if any. Brand v. Weir, 27 Misc. Rep. 212, 57 N. Y. Supp. 731, and cases cited.

Judgment should be reversed, and new trial granted, with costs to appellant to abide the event.