## ST. LOUIS & S. F. R. CO. v. DREYFUS et al.

No. 2785.   Opinion Filed May 20, 1913.

(132 Pac. 491.)

1. CARRIERS—Delay in Transportation of Goods—Remedy of Consignee. As a general rule a consignee of freight has no right upon its arrival at its destination to refuse to accept the goods from the common carrier and recover for their full value merely because of delay in transportation, unless the delay has destroyed the value of the goods entirely or caused what is equivalent to a total loss.

2. SAME.—Shipment of Goods—"Perishable Property." A car load of potatoes on the tracks of a common carrier in Tulsa in the latter part of November, and which the consignee refused to accept, was perishable property within the meaning of section 455, Comp. Laws 1909, and the carrier had the right to dispose of same under the provisions of that section of the statutes.

(Syllabus by Brewer, C.)

*Error from Tulsa County Court;*
*N. J. Gubser, Judge.*

Action by Asher Dreyfus and others against the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendant brings error. Reversed.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for plaintiff in error.

*Hulette F. Aby* and *William F. Tucker,* for defendants in error.

Opinion by BREWER, C. This is a suit for the conversion of a car load of potatoes. The facts summarized are: Dreyfus Bros., produce merchants at Tulsa, ordered a car load of potatoes from Chicago. The Chicago firm shipped the potatoes to Tulsa to their own order, sending bill of lading with draft attached to a Tulsa bank. The shipment arrived in Tulsa on November 13, 1909. On November 16th following, Dreyfus Bros. paid the draft, procured the bill of lading, and took it to the de-

fendant railroad company's office and left it with verbal directions to deliver to the Missouri, Kansas & Texas Railway Company for shipment to Coweta. This was done too late in the day for a transfer to the other carrier on the 16th, and on the 17th the transfer was not made for some reason unexplained. On the 18th at noon Dreyfus Bros. wrote the railroad company as follows:

"Tulsa, Oklahoma, 11-18-09. Mr. M. E. Cline, Agent St. L. & S. F. R. Co., Tulsa, Okla.—Dear Sir: Car No. 70808, C. & N. W. potatoes, this above car was reliest by us on the 16th and instructed you to have said car turned over to the M. K. & T. Ry. Co., Tulsa, Ok. You promised us that you will deliver same over the M. K. & T. that evening. Up to this 12 a. m. 11-18-09, this car you failed to deliver to the M. K. & T. This is to inform you that it will not be necessary for you to deliver this car for our account. This is account delay on your part, and same has been refused by us. We will file suit against you immediately for this above car of potatoes. Kindly acknowledge receipt of this letter. Yours truly Dreyfus Brothers."

Thereafter the plaintiffs would not receive the potatoes, nor could they be delivered to the Missouri, Kansas & Texas, as plaintiff refused to bill the same. The defendant, being unable to deliver the potatoes to any one, kept them on its tracks until November 24th, when, after notifying the produce merchants and others likely to be interested, the potatoes were sold to the highest bidder. Plaintiff sued in conversion for the full value of the potatoes. The defendant answered, setting up the facts, and tendered into court with its answer the amount of the proceeds of the car of potatoes sold by it, less freight and demurrage charges. Later the defendant, by its attorneys, filed a written offer to confess judgment in the case for $129.40, together with all costs up to that time. This was refused, and the plaintiff was awarded a verdict in the sum of $241.83.

The main contention of the plaintiff in error here, as shown by its brief, is that the court erred in refusing to direct a verdict for plaintiffs for $129.40 and costs, as tendered into court and according to its offer to confess in said sum, and

bases its contention on the proposition that "a consignee has no right to refuse to accept goods and recover for their full value from the carrier merely because of delay in transportation." The defendants in error, although they must have relied in the trial court upon the converse of this proposition as being true, admit here in their brief as follows:

"As an abstract proposition it is undoubtedly a correct statement of law, and had the defendant railroad company, upon refusal of plaintiffs to accept the potatoes, conducted themselves according to the laws of the state, their position would have been impregnable."

This proposition is ordinarily correct, but it has its exceptions. Such as where the delay destroys the value of the property entirely, or causes what is equivalent to a total loss. This rule proceeds on the broad principle that a party injured by the breach of contract of another should take all reasonable steps to minimize the damages he will suffer. A. & E. Ency. L. (2d Ed.) vol. 5, 220, 221; 13 Cyc. 72, and cases cited.

The admission quoted above is then followed with an elaborate argument which, when boiled down, amounts to the claim that potatoes are not perishable property, and that, notwithstanding their failure to accept a delivery of the goods, yet that in selling the property as was done, as perishable goods, the defendant acted outside of the law and therefore is guilty of a conversion of the shipment. In other words, the plaintiffs contend that, as the potatoes were not perishable, they could not be sold under section 455, Comp. Laws 1909, as such, but that they ought to have been kept on hand and sold finally under section 454, Comp. Laws 1909, which provides, in substance, that where property should remain unclaimed during the space of six months, and the consignee refuses to receive the same for three months, the carrier can then sell it at public auction after giving the owner or consignee fifteen days' notice, etc. We think under the facts of this case the carrier had the right to dispose of the property under section 455, Comp. Laws 1909, which is as follows:

"Perishable property which has been transported to destination, and the owner or consignee notified of its arrival, on being notified, refuses or neglects to receive the same, and pay the legal charges thereon; * * * such carrier may, in the exercise of a reasonable discretion, sell the same at public or private sale without advertising, and the proceeds, after deducting the freight and charges and expenses of sale shall be paid to the owner or consignee upon demand."

The carrier acted under, and apparently in strict compliance with, this statute, and when sued tendered into court the proceeds of the sale in its hands, less the lawful charges. Under the facts of this case, judgment should have been rendered in accordance with the offer to confess for $129.40 and the costs accrued at that time. The failure of the carrier to deliver the property to the connecting line for one day, there being only one train a day upon which it could move, was not a conversion of the goods, and did not justify the plaintiffs in abandoning their property and treating it as a conversion.

That a car load of potatoes packed in a box car and standing on the carrier's tracks in the latter part of November should be classed as perishable property ought to neither need argument nor the citation of authorities. If the weather was warm they were liable to heat, sweat, and spoil. If it turned as cold as it often does at that season of the year in this country, they were liable to freeze, and this put upon the carrier, under the circumstances, the duty of doing everything it could reasonably do to minimize the chances for loss. Potatoes have, however, been very generally recognized as "perishable property." Anderson Law Dictionary; *Williams v. Cole,* 16 Me. 207.

The cause should be reversed, and judgment entered in accordance with this opinion.

By the Court: It is so ordered.